Justice SOTOMAYOR, concurring.
I concur in the Court's opinion, which holds that the Department failed to show why the less restrictive alternatives identified by petitioner in the course of this litigation were inadequate to achieve the Department's compelling security-related interests. I write separately to explain my understanding of the applicable legal standard.
Nothing in the Court's opinion calls into question our prior holding in Cutter v. Wilkinsonthat "[c]ontext matters" in the application of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 114 Stat. 803, 42 U.S.C. § 2000cc et seq.544 U.S. 709, 723, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005)(internal quotation marks omitted). In the dangerous prison environment, "regulations and procedures" are needed to "maintain good order, security and discipline, consistent with consideration of costs and limited resources." Ibid.Of course, that is not to say that cost alone is an absolute defense to an otherwise meritorious RLUIPA claim. See § 2000cc-3(c). Thus, we recognized "that prison security is a compelling state interest, and that deference is due to institutional officials' expertise in this area." Cutter,544 U.S., at 725, n. 13, 125 S.Ct. 2113.
I do not understand the Court's opinion to preclude deferring to prison officials' reasoning when that deference is due-that is, when prison officials offer a plausible explanation for their chosen policy that is supported by whatever evidence is reasonably available to them. But the deference that must be "extend[ed to] the experience and expertise of prison administrators does not extend so far that prison officials may declare a compelling governmental interest by fiat." Yellowbear v. Lampert,741 F.3d 48, 59 (C.A.10 2014). Indeed, prison policies " 'grounded on mere speculation' " are exactly the ones that motivated Congress to enact RLUIPA. 106 Cong. Rec. 16699 (2000) (quoting S.Rep. No. 103-111, 10(1993)).
*868 Here, the Department's failure to demonstrate why the less restrictive policies petitioner identified in the course of the litigation were insufficient to achieve its compelling interests-not the Court's independent judgment concerning the merit of these alternative approaches-is ultimately fatal to the Department's position. The Court is appropriately skeptical of the relationship between the Department's no-beard policy and its alleged compelling interests because the Department offered little more than unsupported assertions in defense of its refusal of petitioner's requested religious accommodation. RLUIPA requires more.
One final point bears emphasis. RLUIPA requires institutions refusing an accommodation to demonstrate that the policy it defends "is the least restrictive means of furthering [the alleged] compelling ... interest[s]." § 2000cc-1(a)(2); see also Washington v. Klem,497 F.3d 272, 284 (C.A.3 2007)("[T]he phrase 'least restrictive means' is, by definition, a relative term. It necessarily implies a comparison with other means");Couch v. Jabe,679 F.3d 197, 203 (C.A.4 2012)(same). But nothing in the Court's opinion suggests that prison officials must refute every conceivable option to satisfy RLUIPA's least restrictive means requirement. Nor does it intimate that officials must prove that they considered less restrictive alternatives at a particular point in time. Instead, the Court correctly notes that the Department inadequately responded to the less restrictive policies that petitioner brought to the Department's attention during the course of the litigation, including the more permissive policies used by the prisons in New York and California. See, e.g.,United States v. Wilgus,638 F.3d 1274, 1289 (C.A.10 2011)(observing in the analogous context of the Religious Freedom Restoration Act of 1993 that the government need not "do the impossible-refute each and every conceivable alternative regulation scheme" but need only "refute the alternative schemes offered by the challenger").
Because I understand the Court's opinion to be consistent with the foregoing, I join it.